Jones, J.
(dissenting). I would affirm the disposition below and decline the invitation of the State and local Departments of Social Services to invalidate the Federal “Action Transmittal — Interpretation” on which that disposition was premised.
I do not doubt the jurisdictional power of our court to review and invalidate the ruling of the Federal agency; I do question the jurisprudential wisdom of our court’s exercising that power in the circumstances of this case. The administration of the Aid to Families with Dependent Children program, indeed even the availability of Federal *902 moneys to support the administration and benefits of that program in our State, depends on our State’s maintaining conformity with the requirements and conditions laid down by the Congress as implemented by regulations and rulings of the Department of Health and Welfare, the Federal agency charged with administrative responsibility for the program.
Proper respect for and the application of the principle of judicial abstention dictate constraint on the part of State courts before proceeding to the invalidation of regulations and rulings of a Federal agency. Experience demonstrates that there is a continuing resonance, sometimes tension, .between the State and Federal agencies with respect to the details and particulars of State administration of the Federally sponsored program. After approval of the basic State plan, there continues almost constant communication and negotiation by correspondence and conference between representatives of the two governmental agencies. Practical resolutions and accommodations are sometimes postponed for substantial periods of time.
In my view, when an impasse is reached, calling for judicial resolution, the appropriate forum for such proceedings is the Federal court. Both agencies may then be made parties to the proceedings, with full opportunity to be represented and to be heard. Invalidation, if any, would be binding and conclusive nationwide.
.When, as has the majority in this case, a State court accepts the invitation of its own State agency to invalidate a ruling of the. Federal agency there necessarily is an unfortunate component of nonfinality giving rise to practical uncertainty. The Department of Health and Welfare obviously is not bound by this court’s decision in this case. It will be wholly free to insist on recognition in the State of New York of the ruling today held invalid, by recourse to administrative sanctions including at the extreme withholding of Federal moneys. Certainly our ruling can have at best only persuasive impact on the application of the Federal ruling in other States. Aside from what I perceive as consequential *903 awkwardness, I regard it as unwise and inconsistent with sound judicial principle to invalidate a ruling of the responsible Federal administrative agency in an action between an individual welfare recipient and the State and local agency without having the benefit of a full exposition of the views of the agency responsible for- promulgating and enforcing the particular ruling with respect to the merits of the challenge to the ruling at issue.*
Accordingly, I would vote to affirm the disposition below on the principle of judicial abstention, without reaching or considering the merits of the challenge to the Federal ruling.
Chief Judge Cooke and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Meyer concur in memorandum ; Judge Jones dissents and votes to affirm in an opinion.
Order reversed, etc.

 It would be unfortunate if this case were to set a precedent for State and local Departments of Social Service, at odds with their Federal counterpart, to diminish welfare benefits in violation of Federal regulations or rulings thought by them to be objectionable in the expectation that judicial challenge would be mounted in State rather than Federal courts.